Filed 7/13/22  Conservatorship of L.P. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| Conservatorship of the Person of L.P. | |
| PUBLIC GUARDIAN OF CONTRA COSTA COUNTY,<br><br>    Petitioner and Respondent,<br><br>v.<br><br>L.P.,<br><br>    Objector and Appellant. | A163630<br><br>(Contra Costa County Super. Ct. No. P1701255) |

L.P. appeals from the trial court's order reappointing respondent Contra Costa County Public Guardian (public guardian) conservator of her person pursuant to the Lanterman-Petris-Short Act (LPS) Act (Welf. & Inst. Code, § 5000 et seq.).  However, because L.P. consented to a later reappointment of respondent as conservator during the pendency of this appeal, we will dismiss the appeal as moot.

## BACKGROUND

In 2017, the public guardian was appointed conservator for L.P.  The public guardian was reappointed conservator in 2018 and 2019.

On December 1, 2020, the public guardian filed a petition for reappointment as conservator.

1

After several continuances, a court trial on the petition was held on August 24 and 30, 2021, with testimony from L.P.'s conservator and Dr. Michael Levin, a psychiatrist with Contra Costa County. At the conclusion of the trial, the trial court issued an order reappointing the public guardian as conservator.

On September 27, L.P. filed a notice of appeal of the August 30 conservatorship order. On appeal, L.P. argues that certain statements in her medical records, relied upon by Dr. Levin in reaching his opinions, were "case-specific" hearsay not subject to any hearsay exception and should not have been admitted into evidence under *People v. Sanchez* (2016) 63 Cal.4th 665 (*Sanchez*).

On December 9—while this appeal was pending—the public guardian again petitioned for reappointment as conservator, indicating that the conservatorship would otherwise terminate on January 8, 2022. According to a declaration from counsel for the public guardian, a reappointment hearing was ultimately held on May 6, 2022, at which hearing L.P.'s counsel indicated that L.P. accepted reappointment of the conservatorship. The trial court reappointed the public guardian as conservator for a one-year period beginning January 9, 2022.

On May 12, 2022—after L.P.'s opening brief but before respondent's brief was filed—the public guardian filed a request for judicial notice, motion to take additional evidence, and motion to dismiss, requesting that we take judicial notice of the December 9, 2021 petition for reappointment and the

2

trial court's May 10, 2022 order granting that petition, and dismiss the appeal as moot.[1]

## DISCUSSION

"[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal would be without practical effect, and the appeal will therefore be dismissed." (9 Witkin, Cal. Procedure (6th ed. 2021) Appeal, § 777, p. 797.) " ' "[T]he critical factor in considering whether [an] appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error." (*In re N.S.* (2016) 245 Cal.App.4th 53, 60.)' " (*Sturgell v. Department of Fish & Wildlife* (2019) 43 Cal.App.5th 35, 43–44, quoting *In re David B.* (2017) 12 Cal.App.5th 633, 644.)

The one-year conservatorship initiated by the order at issue in this appeal expired on January 8, 2022. On May 10, 2022, the court granted the public guardian's petition for reappointment as conservator, effective January 9, 2022. The 2021 reappointment order therefore has no remaining force and effect and, as its reversal would have no effect on the subsequent 2022 order, this appeal cannot provide L.P. with any effective relief. Accordingly, the appeal is moot.

L.P. concedes as much, agreeing on reply that the appeal is "technically moot," but asking that we exercise our discretion to decide it for three reasons—(1) because the appeal was rendered moot "solely as a result of artificial delays in the adjudication of the prior conservatorship petition," (2) because it is "possible" the issues involved could recur in future

[1] We grant the public guardian's motion and will take judicial notice of the December 9, 2021 petition for reappointment and the trial court's May 10, 2022 order granting that petition. (See Evid. Code, § 452, subds. (c) & (d).)

3

conservatorship petitions involving L.P., and (3) because it raises questions of broad public interest–what L.P. calls "matters involving *Sanchez* generally, but also the validity of *Conservatorship of S.A.* (2018) 25 Cal.App.5th 438," on which the public guardian relies.

There are indeed three discretionary exceptions to the rule against adjudicating moot claims. A reviewing court may decide an appeal on the merits " 'when there remain "material questions for the court's determination" [citation], where a "pending case poses an issue of broad public interest that is likely to recur" [citation], or where "there is a likelihood of recurrence of the controversy between the same parties or others." ' " (*In re David B.*, *supra*, 12 Cal.App.5th at p. 644, quoting *In re N.S.*, *supra*, 245 Cal.App.4th at p. 60.)

We are aware of our discretionary authority but decline to exercise it under the circumstances of this case.

First, whether we should exercise our discretion to reach the merits has nothing to do with whether the delays that contributed to mooting the appeal were "artificial," but instead with whether there is any effective relief that can be granted.

Second, L.P. has offered no argument that the question of whether the challenged statements in her medical records are hearsay would likely recur in connection with future conservatorship petitions regarding L.P. All of the statements at issue predate July 1, 2020. L.P. does not assert that any petition for reappointment of the conservator has been or will be filed, and the current conservatorship will be in effect until early 2023.

With respect to question of "broad public interest" and what L.P. calls "matters involving *Sanchez* generally, but also the validity of *Conservatorship of S.A.*[, *supra*,] 25 Cal.App.5th 438," L.P. does not actually raise legal

4

questions or disagree with *Conservatorship of S.A.*'s holding that the business records exception to the hearsay rule applied to hospital records containing statements that were either " 'clearly the reports of persons and staff . . . who are reporting [conservatee's] observed conduct' " or " 'obviously the observations . . . of the people in the psychiatric program.' "  (See *id*. at p. 448.)  Rather, L.P. argues that certain specific statements in the records at issue here were impermissible expert opinion, or that for certain observations, the records did not make clear who was the specific observer or the date of the observation.  These highly factual questions about the specific statements at issue in this case are not questions of "broad public interest that [are] likely to recur" that would warrant an exercise of our discretion to reach the merits.

## DISPOSITION

The appeal is dismissed.

_____
Richman, Acting P. J.

We concur:


_____
Miller, J.


_____
Mayfield, J. *


*Public Guardian of Contra Costa County . L.P.*(A163630)

＊Superior Court of Mendocino County, Judge Cindee Mayfield, sitting as assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.